1 | Michele R. Stafford, Esq. (SBN 172509)
Erica J. Russell, Esq. (SBN 274494)
2 | SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
3 | San Francisco, CA 94104
Telephone: (415) 882-7900
4 | Facsimile: (415) 882-9287
mstafford@sjlawcorp.com
5 | erussell@sjlawcorp.com

6 | Attorneys for Plaintiffs

7

8

9

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | RUSSELL E. BURNS and RICHARD
PIOMBO, in their respective capacities as
Trustees of the OPERATING ENGINEERS'
12 | HEALTH AND WELFARE TRUST FUND,

13 | PENSION TRUST FUND FOR OPERATING
ENGINEERS,

14

15 | PENSIONED OPERATING ENGINEERS'
HEALTH AND WELFARE FUND,

16 | OPERATING ENGINEERS AND
PARTICIPATING EMPLOYERS PRE-
17 | APPRENTICESHIP, APPRENTICE AND
JOURNEYMEN AFFIRMATIVE ACTION
18 | TRAINING FUND,

19 | HEAVY AND HIGHWAY COMMITTEE; and

20 | OPERATING ENGINEERS LOCAL UNION
No. 3 OF THE INTERNATIONAL UNION OF
21 | OPERATING ENGINEERS, AFL-CIO,

22 | Plaintiffs,
v.
23
PIONEER UNDERGROUND, INC., a
24 | California Corporation; DEXTER REEDER, an
Individual,
25
Defendants.
26

Case No.:

COMPLAINT

CV 14 0064

27 | ///

28 | ///

- 1 -
COMPLAINT
CASE NO.:

1                                                    Parties

2          1.      The Operating Engineers' Health and Welfare Trust Fund; Pension Trust Fund for

3   Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating

4   Engineers and the Operating Engineers Annuity Plan); Pensioned Operating Engineers' Health

5   and Welfare Fund; and Operating Engineers and Participating Employers Pre-apprenticeship,

6   Apprentice and Journeymen Affirmative Action Training Fund are employee benefit plans as

7   defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C.

8   § 1002(3). They and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or

9   "Plaintiffs." Russell E. Burns and Richard Piombo are Co-Chairmen of the Joint Boards of

10  Trustees of the ERISA Plaintiffs with authority to act on behalf of all Trustees.

11         2.      The Heavy and Highway Committee is a Trust established under the Labor

12  Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

13         3.      Operating Engineers Local Union No. 3 of the International Union of Operating

14  Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor

15  Relations Act ("NLRA"), 29 U.S.C. § 152(5), and is represented by counsel herein for the limited

16  purpose of collecting union dues owing as part of the subject contribution claims of ERISA

17  Plaintiffs, and not for any other cause of action. The Union expressly reserves its rights to pursue

18  any other cause of action on its own behalf.

19         4.      PIONEER UNDERGROUND, INC., a California corporation, and DEXTER

20  REEDER, an individual, are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and

21  NLRA § 2(2), 29 U.S.C. § 152(2), 29 U.S.C. § 152(2). They are together referred to herein as

22  "Defendants." Dexter Reeder directs payment of contributions to the Trust Funds and has

23  individual liability for all amounts claimed herein pursu ant to the terms of the Independent

24  Northern California Construction Agreement.

25                                                Jurisdiction

26         5.      Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by

27  virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the

28  provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which
                                                                                              -2-

P:\CLIENTS\OE3CL\Pioneer Underground\complaint.doc

1 violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief
2 under ERISA.

3     6.     Jurisdiction exists in this Court over all the claims by virtue of LMRA § 301, 29
4 U.S.C. § 185, in that the ERISA Plaintiffs seek to enforce the terms and conditions of a collective
5 bargaining agreement between Defendants and the Union.

6     7.     To the extent jurisdiction over any claim does not exist under ERISA or the
7 LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. §
8 1367 in that they arise out of a common nucleus of operative facts that form the basis of the
9 federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

10 Venue

11     8.     Venue exists in this Court with respect to the claims under ERISA § 502 as all of
12 the plans of the ERISA Plaintiffs are administered within this district and the breach took place in
13 this district.

14     9.     Venue exists in this Court with respect to the claims under LMRA § 301(a) and
15 302(c) because this Court has jurisdiction over the parties, as the Union maintains its principal
16 place of business in this district, its duly authorized officers or agents are engaged in representing
17 employee members in this district, and the claims arise in this district.

18 Intradistrict Assignment

19     10.     The basis for assignment of this action to this court's Oakland Division is that all of
20 the events and omissions giving rise to ERISA Plaintiffs' claims occurred in the County of
21 Alameda, where the ERISA Plaintiffs' funds, the Bargained Plans and dues were administered
22 during the period claimed herein, and where Defendants therefore failed to fulfill their statutory
23 and contractual obligations to the ERISA Plaintiffs.

24 Bargaining Agreement

25     11.     Defendants entered into the Independent Northern California Construction
26 Agreement ("Independent Agreement") with the Union, which incorporates the Master Agreement
27 between the Union and the Associated General Contractors of California ("Master Agreement"),
28 requiring Defendants to provide employer contributions to Plaintiffs Trust Funds, to the Union for

1 union dues, and to the other plans more fully described in the Master Agreement. The
2 Independent Agreement and the Master Agreement are collectively referred to herein as the
3 "Bargaining Agreements" and Plaintiffs are third party beneficiaries of the Bargaining
4 Agreements.

5       12.     Under the terms of the Bargaining Agreements, Defendants are required to pay
6 certain contributions to the Affirmative Action Training Fund; Vacation and Holiday Pay;
7 Registered Apprentices; Annuity Fund; Contract Administration Fund; Industry Stabilization
8 Fund; Job Placement Center and Market Area Committee Administration Market Preservation
9 Fund; Business Development Fund; and Heavy & Highway Committee, collectively referred to
10 herein as the "Bargained Plans." Plaintiffs' Boards of Trustees have been authorized to collect
11 and distribute monies due to the Bargained Plans under the Bargaining Agreements and the
12 governing documents of the ERISA Plaintiffs, which Defendants agreed to be bound by.

13       13.     Under the terms of said Bargaining Agreements and of the governing documents of
14 the ERISA Plaintiffs, which are incorporated into the Bargaining Agreements and made binding
15 on Defendants, Defendants are required to submit monthly reports of hours worked by their
16 employees, and to regularly pay to Plaintiffs' ERISA Funds, to the Union for union dues, and to
17 the Trust Funds, certain sums of money, the amounts of which are determined by the hours
18 worked by employees of Defendants, all as more fully set forth in said Bargaining Agreements.
19 Also under the terms of said Bargaining Agreements and the governing documents of Plaintiffs'
20 ERISA Funds, Defendants agreed to pay liquidated damages for each delinquent payment, which
21 becomes part of the contributions due. Defendants further agreed to pay interest on unpaid
22 contributions from the delinquent date until paid, at the rate of 10% per year simple interest, all as
23 more fully set forth in said Bargaining Agreements.

24       14.     Under the Bargaining Agreements, Defendant Dexter Reeder personally guaranteed
25 all payments of contributions, liquidated damages, interest, and collection costs including but not
26 limited to attorneys' fees and audit fees.

27 ///

28 ///

- 4 -
**COMPLAINT**
**CASE NO.:**

1

Facts

2    15.    Defendants have a statutory duty to timely make required payments to the ERISA
3  Plaintiffs under ERISA § 515, 29 U.S.C. § 1145.

4    16.    Defendants have a contractual duty under the Bargaining Agreement to timely
5  report and pay required contributions, liquidated damages and interest to the ERISA Plaintiffs and
6  the Bargained Plans, and to timely make the required payment of union dues to the Union.

7    17.    Defendants have failed and refused to report and pay contributions for hours
8  worked by their employees for the period from June through November 2013. Liquidated damages
9  and interest have been incurred and are owing for the unpaid contributions for the above time
10  period.

11    ERISA Plaintiffs are also entitled to recover any other late or unpaid contributions, and all
12  liquidated damages and interest thereon, found due on timecards, audit, or otherwise, including
13  additional contributions that become due through the time of Judgment.

14    ERISA Plaintiffs expressly reserve the right to conduct an audit of Defendants' payroll
15  records to determine whether there are any additional amounts due to Plaintiffs.

16    18.    Defendants' failure and refusal to report and pay contributions was at all times, and
17  still is, willful. Defendants continue to breach said Bargaining Agreement, and the governing
18  documents of the ERISA Plaintiffs, by failing to pay all amounts owed as alleged. Said refusal is
19  unjustified and done with knowledge and intent.

20    19.    Defendants have a contractual duty under the Bargaining Agreement to provide
21  reports of monthly amounts due and to timely make the required contributions, liquidated damages
22  and interest to the ERISA Plaintiffs and the Bargained Plans, and to timely make the required
23  payment of union dues to the Union. By failing to report and make such timely payments as
24  required, Defendants have breached said duty. ERISA Plaintiffs are without an adequate remedy
25  at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are
26  ordered specifically to perform all obligations required on Defendants' part to be performed under
27  ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreements,
28  and the governing documents of the ERISA Plaintiffs referred to therein, and are restrained from

- 5 -
COMPLAINT
CASE NO.:

1 continuing to refuse to perform as required thereunder.

2     20.    This Court is authorized to issue injunctive relief based on the traditional standard.
3 As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is
4 the possibility that Plaintiffs ERISA Trusts Funds and their participants will suffer irreparable
5 injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

6     21.    This Complaint does not in any manner relate to statutory withdrawal liability that
7 may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to
8 pursue any such withdrawal liability claims against Defendants as provided by the ERISA
9 Plaintiffs' Plan Documents, Trust Agreements incorporated into the Collective Bargaining
10 Agreements, and the law.

11 Prayer

12     WHEREFORE, Plaintiffs pray as follows:

13     1.    For a judgment against Defendants as follows:

14     (a)    Any unpaid contributions due at time of Judgment, including those
15 specified above as well as any other contributions determined as due, pursuant to ERISA §
16 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A):

17     i.    To the ERISA Plaintiffs, in accordance with ERISA Section
18 502(g)(2)(A), 29 U.S.C. Section 1132(g)(2)(A), and the Bargaining Agreements;

19     ii.    To the Union in accordance with the Bargaining Agreements.

20     (b)    Liquidated damages on late paid and unpaid contributions in an amount
21 provided for under the Bargaining Agreements and governing documents of the Plaintiffs' Funds,
22 and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2)(c), 29 U.S.C. Section
23 1132(g)(2)(c).

24     (c)    Interest on late paid and unpaid contributions at the rates set in accordance
25 with the Bargaining Agreements, the governing documents of the ERISA Plaintiffs, and ERISA
26 Section 502(g)(2)(B), 29 U.S.C. Section 1132(g)(2)(B).

27     2.    Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit
28 fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and

- 6 -<br>COMPLAINT<br>CASE NO.:

1 | in accordance with the Bargaining Agreements for all Bargained Plans, and with LMRA Section

2 | 301, 29 U.S.C. § 185 for all Plaintiffs.

3 |     3.    For an order,

4 |          (a)    requiring that Defendants comply with their obligations to Plaintiffs under

5 | the terms of the Bargaining Agreements and the governing documents referred to therein;

6 |          (b)    enjoining Defendants from violating the terms of those documents and of

7 | ERISA; and

8 |          (c)    enjoining Defendants from disposing of any assets until said terms have

9 | been complied with, and from continuation or operating of Defendants' business until said terms

10 | have been complied with.

11 |     4.    That the Court retain jurisdiction of this case pending compliance with its orders.

12 |     5.    For such other and further relief as the Court may deem just and proper.

13 | Dated: January ___, 2014        SALTZMAN & JOHNSON LAW CORPORATION

15 | By: _____

16 | Erica J. Russell
Attorneys for Plaintiffs

- 7 -
**COMPLAINT**
**CASE NO.:**

P:\CLIENTS\OE3CL\Pioneer Underground\complaint.doc